[Cite as *Miller v. Evans*, 2018-Ohio-597.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ROBERT C. MILLER | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff - Appellant | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| NANCY EVANS | : | Case No. 2017CA00144 |
| | : | |
| Defendant - Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:                Appeal from the Stark County Court
                                        of Common Pleas, Domestic
                                        Relations Division, Case No. 2014-
                                        DR-566

JUDGMENT:                               Affirmed

DATE OF JUDGMENT:                       February 12, 2018

APPEARANCES:

For Plaintiff-Appellant                 For Defendant-Appellee Arnold F. Glantz

CRAIG T. CONLEY                         RICHARD B. PINHARD
604 Huntington Bank Building            116 Cleveland Avenue N.W.
220 Market Avenue South                 Suite 625
Canton, Ohio 44702                      Canton, Ohio 44702

*Baldwin, J.*

{¶1}    Plaintiff-appellant Robert C. Miller appeals from the July 10, 2017 Judgment Entry of the Stark County Court of Common Pleas, Domestic Relations Division, denying plaintiff-appellant's Motion for Frivolous Conduct Sanctions against Attorney Arnold F. Glantz.

STATEMENT OF THE FACTS AND CASE

{¶2}    On May 27, 2014, appellant Robert C. Miller filed a complaint for divorce against Nancy Evans. On June 18, 2014, Evans, who was represented by Attorney Arnold Glantz, filed an answer and counterclaim for divorce. Evans, in her counterclaim, alleged that she and appellant were incompatible and requested that she be granted a divorce from appellant on the basis of her counterclaim.

{¶3}    Appellant, on October 22, 2014, voluntarily dismissed his complaint for divorce. Evans dismissed her counterclaim on January 8, 2015.

{¶4}    Thereafter, on January 10, 2017, appellant filed a Motion for Frivolous Conduct Sanctions against Attorney Glantz pursuant to Civ.R. 11 and/or R.C. 2323.51. Appellant, in his motion, alleged that Evans had not authorized Attorney Glantz to file a counterclaim for divorce and was otherwise unaware of its filing. Appellant, in support of his motion, attached the partial transcript from the deposition of Nancy Evans taken on December 15, 2016 in an unrelated case. Evans, during such deposition, had testified that she was not aware that she had filed a counterclaim for divorce against appellant, that she loved him and would never divorce him, and that the two were very compatible. Evans further testified that the counterclaim was filed without her knowledge or permission.

{¶5} A hearing on the Motion for Frivolous Conduct Sanctions was held on June 23, 2017. During the pendency of the motion, appellant's attorney advised the trial court that he was seeking relief under Civ.R. 11 only.

{¶6} At the hearing, Evans testified that while she recalled testifying during her deposition that she was unaware that a counterclaim for divorce had been filed on her behalf, she remembered giving Attorney Glantz permission to file the counterclaim. When asked why her testimony differed from her previous deposition testimony, Evans testified that she "was under a lot of stress and this whole three years have been very stressful to me and it has affected by ability to make the right comments." Transcript of June 23, 2017 hearing at 8. She further testified that she had been confused. At the time of the deposition, Evans was in her 70s. At the June 23, 2017 hearing, Evans testified that she had given Attorney Glantz permission to do what was necessary to protect her against her husband's divorce claim and denied that he had filed the counterclaim on his own. According to Evans, she did not consider herself incompatible with her husband and the statement in the counterclaim that the two were incompatible was not truthful.

{¶7} When questioned by the trial court, Evans testified that her recollection was better at the time of the June 23, 2017 hearing than when she was deposed because the place where the deposition took place had upset her extremely. The deposition had taken place at the office of appellant's daughter who is an attorney.

{¶8} At the hearing, Attorney Arnold Glantz testified that while he had indicated to the trial court at the temporary orders hearing that appellant and Evans got along well, he filed the counterclaim alleging that they were incompatible for strategic purposes. The following testimony was adduced when he was asked about the strategic purpose:

A: Well the 31 years I've been filing Divorces things happen a lot of times like a roller coaster ride in a divorce. And if something isn't alleged in the initial Counterclaim sometimes you don't have an opportunity to amend your Pleading or ask the Court for Leave of Court to file a Counterclaim. So a Counterclaim in my practice in probably a thousand or so divorces I filed in 31 years is almost done in every single case.

Q: Whether or not the client wants a Divorce?

A: Sometimes yes because that changes as the case goes on.

Q: So if a client says I don't want a Divorce you file a Counterclaim anyway for strategic purposes?

A: Not always but if a client signs a release saying they understand that three months down if their Husband dismisses the Complaint that they're out and they've got to start all over again and they're willing to sign a release in probably five to ten times over 31 years I have not filed a Counterclaim.

Q: Did you explain to Ms. Evans this strategic purpose?

A: Absolutely with her daughter there.

{¶9} Transcript of June 23, 2017 hearing at 32. He testified that he had Evan's permission to file a counterclaim alleging incompatibility against appellant and that she did not want to file under the alternative grounds of gross neglect of duty or extreme cruelty.

{¶10} During the defense portion of the case, Evans testified that she had authorized Attorney Glantz to file the counterclaim and that while she stated during her deposition that she did not authorize the filing of the counterclaim and was not aware that

it was being filed, such statement was not correct. When asked, Evans testified that Attorney Glantz had not done anything or taken any action against her wishes in defending her in the divorce action. Attorney Glantz testified as follows during the defense case when asked what the purpose of filing a counterclaim was if it was not to get a divorce:

A: Sure. Again many times in divorces a Complaint can be dismissed and a client at that point does not want the case over and done with nor do they want to have to start the whole year process again possibly in a different Court possibly at a different time. A Counterclaim is filed to protect the client's rights should the other side decide to dismiss it and then at that point whether it be a week later… a month later… 10 months later or a year later at that point the client says I want this divorce to go through now because things have happened to the point that now I want a divorce. If a Counterclaim is not filed they don't have the right to do that. The case is over. And if both parties sometimes move out State or move to different counties you then have lost your right to get that divorce.

Q: And so that applies even if the client says I don't want divorce. You'll still say oh no this is to protect you… is that what you're telling this Court?

A: To some extent yes. Cause they hire me as an Expert to do what's right and that down the road things change in a divorce.

{¶11} Transcript of June 23, 2017 hearing at 74-75.

{¶12} The last witness to testify at the June 23, 2017 hearing was retired Judge Michael Howard who had been a Magistrate in the Stark County Family Court for 13 years

and a Judge for 11 years. He testified that the filing of the counterclaim was not frivolous conduct because it was common practice to file a counterclaim to protect the client's interest. Howard noted that while sometimes a party did not initially want a divorce, "18 months later when the case comes to trial um there is a lot of water under the bridge at that point parties actually do want a divorce. Transcript of June 23, 2017 hearing at 92. He stressed that defendants who did not file a counterclaim were in a "weakened position" in terms of settlement negotiations and that he would advise young attorneys to file a counterclaim in every case. Transcript of June 23, 2017 hearing at 94.

{¶13} The trial court, as memorialized in a Judgment Entry filed on July 10, 2017, denied the Motion to Frivolous Conduct Sanctions. The trial court stated that in light of Evans' testimony, it could not conclude that the filing of the counterclaim by Attorney Glantz was willful.

{¶14} Appellant now raises the following assignment of error on appeal:

{¶15} I. THE TRIAL COURT ERRED IN DENYING MOVANT MILLER'S MOTION FOR FRIVOLOUS CONDUCT SANCTIONS AGAINST ATTORNEY GLANTZ.

I

{¶16} Appellant, in his sole assignment of error, argues that the trial court erred in denying his Motion for Frivolous Conduct Sanctions against Attorney Glantz. We disagree.

{¶17} Civ.R. 11 governs the signing of motions, pleadings, and other documents. The rule states, "[e]very pleading, motion, or other document of a party represented by an attorney shall be signed by at least one attorney of record * * *." By signing the pleading or motion, the attorney certifies that the attorney has read the motion; to the best of the

attorney's knowledge, information, and belief there is good ground to support the motion; and that the motion is not interposed for delay. *See* Civ.R. 11. To impose a sanction under Civ.R. 11, the trial court must determine whether the attorney met the three standards. *Namenyi v. Tomasello,* 2nd Dist. Greene No. 2013–CA–75, 2014–Ohio–4509, ¶ 14.

**{¶18}** "Civ.R. 11 employs a subjective bad faith standard." *Ferron v. Video Professor, Inc.,* 5th Dist. Delaware No. 08–CAE–09–0055, 2009–Ohio–3133, ¶ 77 quoting *Stone v. House of Day Funeral Serv., Inc.* 140 Ohio App.3d 713, 721, 748 N.E.2d 1200 (6th Dist.2000). If any one of the three Civ.R. 11 requirements is not satisfied, the trial court must then determine whether the "'violation was 'willful' as opposed to merely negligent'." *Namenyi,* 2014–Ohio–4509 at ¶ 14 quoting *Ponder v. Kamienski,* 9th Dist. Summit No. 23270, 2007–Ohio–5035, ¶ 36. The attorney's actual intent or belief is relevant to the determination of willfulness. *Ferron,* 2009–Ohio–3133 at ¶ 77. If the trial court finds the Civ.R. 11 violation was willful, it may impose an appropriate sanction. *Namenyi,* 2014–Ohio–4509 at ¶ 14.

**{¶19}** The trial court's decision to impose sanctions cannot be reversed absent an abuse of discretion. *Ferron,* 2009–Ohio–3133 at ¶ 77. In order to find abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, (1983).

**{¶20}** Appellant, in his brief, argues that when Attorney Glantz filed and signed a counterclaim for divorce "falsely alleging incompatibility and requesting the grant of divorce his client did not want, he voluntarily and intentionally did so without Civ.R. 11 'good grounds' to support that pleading."

{¶21} As noted by the trial court in its Judgment Entry, the determinative issue was whether or not Evans understood and authorized Attorney Glantz to file the counterclaim for divorce on her behalf. There is no dispute that Evans, during her December 15, 2016 deposition, testified unequivocally that she did not authorize Attorney Glantz to do so, that she was opposed to getting a divorce, and that she loved her husband and felt that they were compatible.

{¶22} However, at the June 23, 2017 hearing, both Evans and Attorney Glantz clearly testified that she understood and authorized him to file the counterclaim alleging incompatibility. The trial court, in its July 11, 2017 Judgment Entry, stated, in relevant part, as follows:

> This Court has some difficulty reconciling Ms. Evans' Court testimony versus her deposition testimony. Her explanation for the deposition testimony was that the deposition took place in the office of Mr. Miller's daughter who she blamed for the filing of the divorce action. She stated that she was extremely stressed by the environment at the time of the deposition. Perhaps Ms. Evans' age contributed to her inability to recall what took place when she first met and retained Attorney Glantz to represent her. However, in her Court testimony, her recollection of the events were clear; she was informed of the purpose for fling (SIC) a Counterclaim and she authorized the filing of same.

{¶23} The trial court, as trier of fact, was clearly in the best positon to assess Evan's credibility and clearly found her to be a credible witness. Moreover, the trial court,

in its Judgment Entry, further considered and relied on the testimony of retired Judge Michael Howard, which is cited above.

{¶24} Based on the foregoing, we find that the trial court did not err in denying appellant's Motion for Frivolous Conduct Sanctions. The trial court's decision was not arbitrary, unconscionable or unreasonable.

{¶25} Appellant's sole assignment of error is, therefore, overruled.

{¶26} Accordingly, the judgment of the Stark County Court of Common Pleas, Domestic Relations Division is affirmed.

By: Baldwin, J.

Delaney, P.J. and

Earle Wise, J. concur.